PEOPLE v FLANAGAN

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

There is no absolute right to withdraw a plea of guilty; however, courts view requests to withdraw with great liberality where (1) the request is not frivolous, (2) the request is made prior to sentencing, and (3) the request is accompanied by an assertion of innocence.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—JUDGE'S DISCRETION.

There is no abuse of trial court discretion in denying a motion to withdraw a plea of guilty where the record indicates no cause to believe that the defendant did not understand the charge against him, and where there was no assertion of innocence and no basis to question the accuracy of the defendant's record statements regarding the commission of the crime.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

Mere feelings by a criminal defendant that appointed counsel hurried him into making a plea of guilty are not grounds to reverse a trial court's denial of the defendant's motion to withdraw his plea.

Appeal from Ogemaw, Carl L. Horn, J. Submitted November 5, 1976, at Grand Rapids. (Docket No. 28254.) Decided December 2, 1976.

Steven D. Flanagan was convicted, on his plea of guilty, of unarmed robbery. Defendant moved to withdraw his guilty plea. Motion denied. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law §§ 504, 505.

[2] 21 Am Jur 2d, Criminal Law § 507.

Plea of nolo contendere or non vult contendere. 152 ALR 253 s. 89 ALR2d 571.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Charles W. Jennings,* Prosecuting Attorney, and *Mark I. Leach,* Assistant Attorney General, Prosecuting Attorneys Appellate Unit, for the people.

*Thomas E. Kent,* for defendant on appeal.

Before: BRONSON, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. On June 26, 1975, defendant Steven D. Flanagan came before Ogemaw Circuit Judge Carl L. Horn for the purpose of sentencing on a plea of guilty entered on May 29, 1975, to a charge of unarmed robbery contrary to MCLA 750.530; MSA 28.798. At that time, defendant requested by motion that he be allowed to withdraw his guilty plea. After a hearing, the court denied defendant's motion, though he delayed sentencing. On July 8, 1975, defendant once more appeared before the court and renewed his motion to vacate the guilty plea. The court again denied the motion and sentenced defendant to a term of 4-1/2 to 15 years in prison. Defendant appeals as of right.

On appeal, defendant argues that the trial court abused its discretion by refusing to withdraw the plea of guilty entered on June 26, 1975.

No absolute right to withdraw a guilty plea exists in Michigan. *People v Cochrane,* 40 Mich App 316, 317; 198 NW2d 417 (1972). However, Michigan courts view such requests with great liberality where (1) the request is not frivolous, (2) the request is made prior to sentencing and (3) the request is accompanied by an assertion of innocence. *People v Hayes,* 70 Mich App 580; 246 NW2d 154 (1976), *People v Thomas,* 66 Mich App 594, 596; 239 NW2d 427 (1976), *People v Lewan-*

*dowski,* 394 Mich 529; 232 NW2d 173 (1975), *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960).

In this case, defendant addressed a letter to his court-appointed counsel on June 16, 1975, stating some uncertainty whether " * * * my answers to the judge's questions and my explanation of the crime are correct". He expressed dissatisfaction with appointed counsel and indicated at the hearing on June 26, 1975, that counsel "talked us into making the plea".

We do not believe defendant has presented sufficient reason to reverse the trial court. He says only that he was dissatisfied with his appointed counsel, registers some doubt about the accuracy of his statements before the court and asserts "there is more to my case that has to be said". We would be as solicitous to this defendant as possible, and, yet, we still cannot perceive any ground to find an abuse of discretion. We believe defendant's assertions were frivolous.

The trial court conducted a lengthy and careful hearing on May 29, 1975, before accepting defendant's plea. We can find on the record no cause to believe that defendant did not understand the charge against him. Nor do we find on the record any assertion of innocence. Further, no basis appears to question the accuracy of the record statements made regarding the commission of the crime. Lastly, we will not reverse on mere feelings by defendant that appointed counsel hurried him into making this plea.

Affirmed.