PEOPLE v McDONNELL

Docket No. 78-25. Submitted May 9, 1979, at Lansing.—Decided July
23, 1979. Leave to appeal applied for.

Defendant, Thomas J. McDonnell, was convicted, on his plea of
guilty, of second-degree criminal sexual conduct in the School-
craft Circuit Court, William F. Hood, J. Defendant appealed
alleging a denial of effective assistance of counsel and the Court
of Appeals remanded for an evidentiary hearing. The hearing
disclosed that defendant had a history of psychiatric disorders
and treatments and that defendant's counsel knew of defen-
dant's psychiatric history but failed to arrange for a compe-
tency hearing or to investigate an insanity defense. The trial
court found that defendant was not denied effective assistance
of counsel. Defendant pursued his appeal. *Held:*

An ineffective assistance of counsel claim is reviewable after
a guilty plea. The standard to determine whether a defendant
had effective assistance of counsel in a criminal trial is that
defense counsel must perform at least as well as a lawyer with
ordinary training and skill in the criminal law. Defendant was
denied the effective assistance of counsel.

Reversed and remanded.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO COUNSEL —
EFFECTIVE ASSISTANCE OF COUNSEL — PLEA OF GUILTY.

An ineffective assistance of counsel claim is reviewable after a
guilty plea.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — ASSISTANCE OF COUNSEL
— EFFECTIVE ASSISTANCE.

The standard to determine whether a defendant had effective
assistance of counsel in a criminal trial is that defense counsel

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 4 Am Jur 2d, Appeal and Error § 271.
  21 Am Jur 2d, Criminal Law § 315.
  Incompetency of counsel chosen by accused as affecting validity of
    conviction. 74 ALR2d 1390.
[3] 21 Am Jur 2d, Criminal Law §§ 62-65.

must perform at least as well as a lawyer with ordinary training and skill in the criminal law.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — ASSISTANCE OF COUNSEL — EFFECTIVE ASSISTANCE.

A defendant who pled guilty to second-degree criminal sexual conduct and who had a history of psychiatric disorders and treatments was denied effective assistance of counsel where counsel was aware of defendant's psychiatric history and its bearing on the charges but failed to arrange for a competency hearing before the plea or to investigate and consider the possibility of an insanity defense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas L. Thompson,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Grant & McQuarrie,* for defendant on appeal.

Before: D. C. RILEY, P.J., and V. J. BRENNAN and G. W. CROCKETT, JR.,* JJ.

PER CURIAM. On September 20, 1977, defendant entered a plea of guilty in the Schoolcraft County Circuit Court to the crime of criminal sexual conduct in the second degree, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), growing out of his alleged touching of the private parts of a boy below the age of 13 years. On October 21, 1977, he was sentenced to a prison term of 7 to 15 years.

Defendant appealed and filed a motion for remand to the trial court for an evidentiary hearing. He contended that his guilty plea was not understandingly made and also that he was denied the effective assistance of counsel. In support of these contentions he asserted that his court-appointed

---

* Former Recorder's Court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

counsel knew, or had reason to know, that the defendant had an extended history of psychiatric disorders and treatments and yet made no attempt to obtain a forensic evaluation and hearing to determine the issue of his competency to stand trial, to explore the possibility of a defense of insanity or to submit the state of defendant's mental condition to the court at the time of his plea and sentencing. On July 17, 1978, this Court granted the motion.

A hearing was held in the trial court on September 28 and 29, 1978. Testimony was received from defendant's and the people's psychiatrists, from defendant's trial counsel, from a psychotherapist familiar with the defendant and from defendant's probation officer. The trial court found the defendant capable of understanding the proceedings and of assisting in his defense. The court further found that the defendant was not denied effective assistance of counsel.

Our review of the record confirms that the defendant had a history of psychiatric disorders going back several years and is alleged to have been hospitalized at age 20 or 21 for a similar offense. At the evidentiary hearing, defendant's appointed trial counsel stated that he had been aware of defendant's problems and thought that "we would be involved with an insanity defense because of the nature of the crime involved". But when defendant denied his guilt, counsel testified, "I forgot about anything to do with an insanity defense". Counsel later testified: "The probability in my judgment was that we were better advised to take the offered plea that we had than to proceed any further."

An ineffective assistance of counsel claim is reviewable after a guilty plea. *People v Kyllonen,*

80 Mich App 327; 263 NW2d 55 (1977). Our Supreme Court in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), adopted the assistance-of-counsel standard enunciated in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974):

"Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law * * *."

Defendant's representation in the instant case did not comply with this minimum standard. Although counsel was aware of the defendant's psychiatric history and its bearing on the charged offense, counsel failed to arrange for a competency hearing before the plea and to seriously investigate and consider the possibility of an insanity defense. Counsel's failure to appropriately proceed in these circumstances denied the defendant effective assistance of counsel, *cf., People v Bryant,* 77 Mich App 108; 258 NW2d 162 (1977), and leaves in substantial doubt the issue of defendant's competency at the time of the guilty plea.

This resolution of defendant's ineffective assistance of counsel issue makes consideration of other defense issues unnecessary.

Reversed and remanded.