PEOPLE v KIMBLE

Docket No. 52768. Submitted June 1, 1981, at Detroit.—Decided September 21, 1981.

Leotis S. Kimble was convicted, on his plea of guilty, of three counts of armed robbery and one count of possession of a firearm during the commission of a felony, second offense, Recorder's Court of Detroit, Robert P. VanWiemeersch, J. His subsequent motion to withdraw his plea was denied, Samuel C. Gardner, J. Defendant appeals, alleging that his pleas were involuntary and that he was denied effective assistance of counsel because less than three hours elapsed from the time that he first met with his attorney to the time that he pled guilty and was sentenced. *Held:*

1. Defendant alleges that defense counsel failed to investigate defendant's claims of an improper lineup procedure and of an improperly obtained confession and that counsel told him he had to plead guilty that day. The record does not indicate whether these matters were considered by defense counsel. Therefore, remand is required for a full evidentiary hearing on the question of the ineffective assistance of counsel.

2. A sufficient factual basis for the convictions of armed robbery was elicited from the defendant at the plea-taking proceeding.

3. On remand the trial court is to ascertain whether the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 502, 503.
Withdrawal of plea of guilty or nolo contendere before sentence, under Rule 32[d] of Federal Rules of Criminal Procedure. 6 ALR Fed 665.

[2] 21 Am Jur 2d, Criminal Law §§ 501, 505.
Withdrawal of plea of guilty or nolo contendere after sentence, under Rule 32[d] of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

[3] 21A Am Jur 2d, Criminal Law §§ 748, 752

[4] 21A Am Jur 2d, Criminal Law § 985.

[5] 21 Am Jur 2d, Criminal Law § 473.

[6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.
Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes. 24 ALR2d 1247.

second felony-firearm offense to which defendant pled guilty occurred subsequent to his previous felony-firearm conviction. If not, defendant is not subject to the enhanced punishment prescribed for second felony-firearm offenders and his sentence on that charge should be modified.

Remanded for further proceedings.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Mᴏᴛɪᴏɴ ᴛᴏ Wɪᴛʜᴅʀᴀᴡ Pʟᴇᴀ.

A defendant's motion to withdraw a guilty plea, made prior to sentencing, should be granted if the defendant asserts his innocence and if his reason for seeking to withdraw the plea is not obviously frivolous.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Mᴏᴛɪᴏɴ ᴛᴏ Wɪᴛʜᴅʀᴀᴡ Pʟᴇᴀ — Aᴘᴘᴇᴀʟ.

Generally, a trial court's denial of a defendant's motion to withdraw a guilty plea, made after sentencing, will not be disturbed unless it is clear that failure of the appellate court to intercede will result in a miscarriage of justice.

3. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Iɴᴇꜰꜰᴇᴄᴛɪᴠᴇ Assɪsᴛᴀɴᴄᴇ ᴏꜰ Cᴏᴜɴsᴇʟ — Gᴜɪʟᴛʏ Pʟᴇᴀs.

A claim of ineffective assistance of counsel is reviewable following a guilty plea.

4. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Iɴᴇꜰꜰᴇᴄᴛɪᴠᴇ Assɪsᴛᴀɴᴄᴇ ᴏꜰ Cᴏᴜɴsᴇʟ.

A criminal defense counsel performs inadequately where he fails to seriously investigate and consider the possibility of defenses suggested by the defendant.

5. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Fᴀᴄᴛᴜᴀʟ Bᴀsɪs ꜰᴏʀ Pʟᴇᴀ.

A factual basis for a guilty plea is sufficient to sustain a conviction of the crime to which the defendant pled if a jury could reasonably draw an inculpatory inference from the facts admitted by the defendant.

6. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Fᴇʟᴏɴʏ-Fɪʀᴇᴀʀᴍ — Sᴇᴄᴏɴᴅ Oꜰꜰᴇɴᴅᴇʀs.

A defendant convicted of a second felony-firearm offense may not receive an enhanced sentence as a second felony-firearm offender unless the second offense was committed subsequent to the first conviction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Charles P. Reisman,* for defendant on appeal.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

BRONSON, P.J. Pursuant to a plea bargain, defendant pled guilty to three armed robbery charges arising out of separate incidents and one count of carrying a firearm during the commission of a felony, contrary to MCL 750.529; MSA 28.797 and MCL 750.227b; MSA 28.424(2), respectively. As part of the agreement, sentences of 5 to 20 years for one of the armed robbery convictions and two sentences of 8 to 20 years for the other armed robbery convictions were imposed. These sentences were to run concurrently with another term of imprisonment defendant was serving at the time of the plea. Defendant also received a five-year consecutive sentence for the felony-firearm conviction. Additionally, as part of the bargain, the prosecution agreed not to try defendant as a habitual offender. Defendant now appeals as of right.

Defendant's primary allegation is raised through two different approaches on appeal. Defendant contends that, because the total elapsed time between meeting his attorney, pleading guilty, and being sentenced was somewhat less than three hours, his plea cannot be considered voluntary and that he was denied effective assistance of counsel. Following sentencing, defendant moved for a new trial on these grounds. At this time, affidavits were filed averring that defense counsel failed to investigate defendant's claims of an improper lineup identification procedure and of an improperly ob-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tained confession. Defendant further avers that his counsel told him he had to plead guilty that day.[1]

There is no doubt that the pleas here were taken in an unusually hasty manner. It is much more common for a guilty plea to be offered at a pretrial date than for one to be given on the same date the defendant meets his attorney. Additionally, there is usually some period of time between the taking of the plea and sentencing. During this period of time, if a defendant moves to withdraw his guilty plea, asserts his innocence, and gives a reason for withdrawing the initial plea which is not obviously frivolous, the motion for withdrawal should be granted. *People v Zaleski,* 375 Mich 71, 79; 133 NW2d 175 (1965), *People v Hatcher,* 83 Mich App 307, 308; 268 NW2d 389 (1978), *lv den* 405 Mich 823 (1979). In this case, however, as defendant's motion *to withdraw came after* sentencing, even though there was no period of time between the plea and the imposition of sentence, this rule does not govern defendant's motion.[2] Generally, where a defendant moves to withdraw a plea of guilty after sentencing, the trial court's denial of that motion will not be disturbed unless it is clear that the failure of the appellate court to intercede will result in a miscarriage of justice. See, for example, *People v Eaton,* 38 Mich App 113, 114; 195 NW2d 797 (1972), *lv den* 387 Mich 777 (1972). We note, however, that the rationale for applying this rule is largely absent in this case since defendant's motion to withdraw his plea was obviously not due to dissatisfaction with the sentence imposed (he knew what the sentence would

---

[1] It is possible that the prosecution left the plea agreement open for one day only. If so, and if this was explained to defendant, even if true, this does not constitute a basis for reversal.

[2] It was possible to sentence defendant immediately because a presentence report had already been prepared.

be before he pled guilty) and since defendant had literally no opportunity to reflect on his decision to plead guilty before sentencing.

This Court has recognized that a claim of ineffective assistance of counsel is reviewable following a guilty plea. *People v McDonnell,* 91 Mich App 458; 283 NW2d 773 (1979), *lv den* 407 Mich 938 (1979), *People v Hale,* 99 Mich App 177, 182; 297 NW2d 609 (1980). While complete resolution of the claim of ineffective assistance of counsel raised here is not possible on this record, defendant did move to withdraw his plea on the same grounds below so that review of the contention is not precluded. *McDonnell, supra.* We further note the difficulty in obtaining record support for an ineffective assistance claim arising during the process of a plea agreement. See, Comment, *Effective Assistance of Counsel in Plea Bargaining: What is the Standard?,* 12 Duquesne L Rev 321 (1973).

We are unprepared to adopt the rule advanced by defendant's appellate counsel, namely, that there is per se ineffective assistance of counsel where the initial contact between attorney and defendant precedes the plea of guilty and sentencing by only a few hours. At the same time where, as here, a cognizable claim is raised that counsel did not investigate potentially meritorious defenses to the charges, and the time-span from the initial contact between the attorney and his client to the point of the guilty plea is so short that a substantial possibility appears on the record that potential defenses suggested by defendant were not considered, we believe that a full evidentiary hearing on the ineffective assistance of counsel allegation must be conducted. We agree with the panel of our colleagues who decided *McDonnell, supra,* 461, that defense counsel performs inade-

quately where he fails to seriously investigate and consider the possibility of defenses suggested by defendant.[3]

In this case, although there was a hearing to consider defendant's motion to withdraw his guilty plea, no testimony was taken. Several questions remain unanswered: Does defendant's trial counsel agree that information was relayed which suggested defenses to the charges? Did defendant want to plead guilty without further exploration of possible defenses because he believed he was being offered a good deal? Did trial counsel really indicate that defendant had to plead guilty on the day of their initial contact? If so, what was the complete substance of this conversation? Was there serious investigation of the potential defenses allegedly raised by defendant? Did the alleged suggested defenses apply to all of the charges or would the defenses only have applied to some of the charges? Other relevant matters might need to be developed at the time of the remand.

The prosecution relies on *People v Flanagan,* 72 Mich App 613; 249 NW2d 872 (1976), for the proposition that a guilty plea will not be set aside where defense counsel hurried defendant into making the plea. *Flanagan* is distinguishable from this case primarily in that the defendant in *Flanagan* did not express the opinion that his attorney failed to investigate potential defenses. Instead, the defendant in *Flanagan* merely expressed feel-

---

[3] Where a guilty plea is taken within a few hours of the defendant's preliminary contact with his attorney, to avoid the necessity of a remand if ineffective assistance of counsel is later claimed, the trial court could inquire of the defendant whether he believes he might have defenses to the prosecution and, if so, whether he has discussed these with his attorney. The court might also inquire of defense counsel whether defendant suggested any possible defenses and, if so, whether these were investigated.

ings that he was hurried into pleading guilty without allegations that the assistance he received from his attorney was inadequate.

Defendant also asserts that an inadequate factual basis was elicited to sustain one of the armed robbery convictions. Specifically, defendant contends that the information conveyed at the plea-taking was inadequate to lead to the conclusion that the victim of the robbery believed defendant was armed. The transcript of the plea proceedings states, insofar as is relevant:

> *"The Court:* Okay. On the date in question, which is here in the file, what happened on the case 79 08296, which involves an area at Lyndon and Wyoming? There was a robbery committed at that time. What were the circumstances?
>
> *"The Defendant:* I got out of the car and made like I had a gun in a paper bag, and asked the man to get out of the car. And, he did. And, I got in and took his car.
>
> *"The Court:* You had a gun at that time?
>
> *"The Defendant:* No, I didn't have one.
>
> *"The Court:* You had the hand in the bag at that time, indicating that you might have been armed?
>
> *"The Defendant:* Yeah, yeah."

In *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), the Supreme Court held that a factual basis is sufficient to sustain a conviction if the jury could reasonably draw an inculpatory inference from the admitted facts. We believe that defendant's admission that, "I made like I had a gun in a paper bag", along with his statement that his victim subsequently complied with his demand, supports drawing the inference that the victim reasonably believed defendant had a weapon.

Defendant also avers that the felony-firearm

statute is unconstitutional.[4] However, as he notes, the Michigan Supreme Court does not agree. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *app dis sub nom Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979).

We address *sua sponte* the question of whether a five-year felony-firearm sentence was proper in this case. In *People v Sawyer,* 410 Mich 531; 302 NW2d 534 (1981), the Supreme Court stated that a defendant convicted of a second felony-firearm offense may not receive the greater five-year penalty unless the second offense is subsequent to the first conviction. In this case, the record reveals to a virtual certainty that the second felony-firearm offense was not committed subsequent to conviction on the first offense. The record shows that at the time of sentencing in this case, the prior felony-firearm conviction was very recent and also strongly indicates that defendant had been in prison continuously since the time of the prior conviction. On remand, unless the trial court ascertains that, in fact, the second felony-firearm offense occurred after conviction on the first offense, it shall modify the sentence imposed for violation of MCL 750.227b; MSA 28.424(2) from five years to two years.

Remanded for proceedings consistent with this opinion. We retain jurisdiction. All hearings to be conducted and findings of fact to be made within 60 days of the release date of this opinion.

---

[4] Counsel states that he raises this claim to preserve it for possible consideration in the federal courts.