PEOPLE v BAUGH

Docket No. 64824. Submitted December 22, 1982, at Detroit.—Decided
April 1, 1983. Leave to appeal applied for.

Mark S. Baugh pled guilty to a violation of his probation, Monroe
Circuit Court, Daniel L. Sullivan, J. Despite the lower court's
indication on several occasions that it would entertain a motion
to withdraw the plea, and repeated adjournment of sentencing,
the defendant's counsel did not move to withdraw the plea.
Defendant appeals, alleging that the trial court failed to com-
ply with the court rule governing acceptance of a plea of guilty
to a charge of probation violation. *Held:*

Failure to move in the lower court to withdraw the plea
waives the issue of compliance with the court rule for purposes
of appeal, absent a finding of manifest injustice.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — PROBATION REVOCATION — APPEAL.

A defendant who fails to move in the lower court to withdraw his
plea of guilty to a charge of probation violation thereby waives,
for purposes of appeal, the issue of whether the court complied
with the applicable court rule governing the acceptance of such
a plea, absent a finding of manifest injustice in allowing the
plea to stand.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Michael W. LaBeau,*
Prosecuting Attorney, and *James G. Petrangelo,*
Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robert-
son),* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
[1] 4 Am Jur 2d, Appeal and Error § 271.
5 Am Jur 2d, Appeal and Error § 867.
21 Am Jur 2d, Criminal Law §§ 501-505, 578, 579.

Before: V. J. Brennan, P.J., and M. J. Kelly and J. M. Graves,* JJ.

Per Curiam. On October 22, 1981, after informing the lower court that he wished to proceed without an attorney, defendant pled guilty to violation of his probation. He was sentenced to serve a term of from 4 to 14 years in prison. He now appeals as of right, centering his arguments on the allegation that, in initially accepting defendant's plea of guilty to probation violation, the trial court failed to comply with GCR 1963, 791.5(b), which became effective May 14, 1981.[1]

Defendant was scheduled to be sentenced on November 12, 1981. On that date, after reviewing the presentence report, the court informed the defendant that "it appears that we have a very serious situation here, that could well merit a prison sentence". The court then advised defendant to allow the court to appoint an attorney on his behalf and to allow the attorney to consider a motion to withdraw the guilty plea. In fact, the court indicated three separate times that it would entertain a motion to withdraw defendant's plea. Defendant consented to having an attorney appointed on his behalf and sentencing was ad-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] GCR 1963, 791.5(b) provides:

"(b) Before the court accepts a guilty plea, it shall, speaking directly to the probationer and receiving the probationer's response,

"(1) personally advise the probationer that by pleading guilty the probationer is giving up the right to a contested revocation hearing, the right to be represented by a lawyer, and the right to an appointed lawyer if the probationer is unable to afford a lawyer;

"(2) personally advise the probationer of the maximum possible sentence for the offense that led to probation;

"(3) satisfy itself that the plea is understandingly, voluntarily, and knowingly made; and

"(4) establish support for a finding that the probationer is guilty of the violation charged."

journed. Although appointed counsel apparently thoroughly investigated the presentence report, resulting in two additional sentencing dates being adjourned to allow counsel to pursue his investigation more completely, counsel never moved to withdraw defendant's plea.

Defendant's failure to move below to withdraw his plea has waived this issue for purposes of appeal. See *People v Carroll,* 396 Mich 408, 412; 240 NW2d 722 (1976); *People v Stinson,* 88 Mich App 672, 674; 278 NW2d 715 (1979). Defendant and his counsel had more than ample opportunity to move to withdraw defedant's plea before sentencing. The record reveals zealous and effective representation of defendant by his counsel. Counsel apparently thought it would be in defendant's best interest not to move to withdraw his plea. Absent a finding of manifest injustice in allowing defendant's plea to stand, we decline to reverse.

Affirmed.