PEOPLE v JOHNSON (AFTER REMAND)

Docket No. 65757. Submitted December 10, 1982, at Lansing.—Decided April 19, 1983. Leave to appeal applied for.

Lamarr Johnson pled guilty in Recorder's Court of Detroit, Donald L. Hobson, J., to charges of second-degree murder and possession of a firearm during the commission of a felony. The defendant appealed to the Court of Appeals and moved to remand the case for an evidentiary hearing on his claim of ineffective assistance of counsel. The motion was denied for lack of merit. The Court of Appeals rejected the defendant's claim of ineffective assistance of counsel as being unsupported by the record, but found that the trial court had erred in failing to advise the defendant that one of the consequences of his plea was that he would not be eligible for parole until the minimum term of his sentence was served and remanded the case to the trial court to permit the defendant to withdraw his plea 111 Mich App 666; 314 NW2d 655 (1981). The people applied for leave to appeal and defendant applied for leave to cross-appeal. The Supreme Court, in lieu of granting the people leave to appeal and the defendant leave to cross-appeal, reversed the judgment of the Court of Appeals and remanded the case to the Recorder's Court for an evidentiary hearing on defendant's claim that he was denied his right to effective assistance of counsel at the plea-taking proceeding and directed that after the hearing the record be forwarded to the Court of Appeals so that the Court of Appeals could address the issue, 413 Mich 487 (1982). Following the hearing, the record was forwarded to the Court of Appeals and that Court considered the issue as directed. *Held:*

1. Defendant's contention that he was denied his right to effective assistance of counsel at the preliminary examination was waived by his plea of guilty.

2. The traditional bifurcated standard for analyzing claims of

REFERENCES FOR POINTS IN HEADNOTES

[1, 3-5] 21 Am Jur 2d, Criminal Law § 474.

21A Am Jur 2d, Criminal Law § 985.

Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.

[2] 21 Am Jur 2d, Criminal Law §§ 470, 471, 474.

ineffective assistance of counsel was not designed to deal with the guilty-plea proceeding in which effective assistance of counsel is inextricably linked to a voluntary and understandingly tendered plea. In reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, the Court should focus upon whether the defendant's plea was made voluntarily and understandingly. Although defense counsel's investigation into the facts of this case was not as thorough as it might have been, it was thorough enough to assure that defendant's plea was made knowingly and voluntarily.

3. Defendant was not denied his right to effective assistance of counsel at the guilty-plea proceeding. His conviction is affirmed.

Affirmed.

R. M. MAHER, J., dissented. He would apply the traditional two-part test employed in evaluating an ineffective assistance of counsel claim and would find that defense counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law. He would therefore find that defendant was denied the right to effective assistance of counsel and would reverse defendant's conviction.

### OPINION OF THE COURT

1. CONSTITUTIONAL LAW — CRIMINAL LAW — ASSISTANCE OF COUNSEL — GUILTY PLEAS.

 A claim of ineffective assistance of counsel is reviewable after a guilty plea.

2. APPEAL — CRIMINAL LAW — GUILTY PLEAS — ASSISTANCE OF COUNSEL.

 The Court of Appeals, in reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, should focus upon whether the defendant's plea was made voluntarily and understandingly.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — FAILURE TO INTERVIEW WITNESSES.

 Neglecting to interview witnesses is not, by itself, enough to constitute ineffective assistance of counsel unless it can be shown that such failure resulted in counsel's ignorance of valuable evidence which would have substantially benefitted the accused.

DISSENT BY R. M. MAHER, J.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — EFFECTIVE ASSISTANCE — STANDARD.

A standard to determine whether a defendant had effective assistance of counsel in a criminal proceeding is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.

5. CRIMINAL LAW — GUILTY PLEAS — ASSISTANCE OF COUNSEL.

A defendant was denied his right to effective assistance of counsel where defense counsel allowed him to plead guilty without knowing anything about the merits of his case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* for defendant.

### AFTER REMAND

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. On June 14, 1982, the Supreme Court, pursuant to GCR 1963, 853.2(4), in lieu of granting the people leave to appeal and the defendant leave to appeal as cross-appellant, reversed the judgment of the Court of Appeals and remanded the case to the Recorder's Court of the City of Detroit for an evidentiary hearing on defendant's claim that he was denied his right to the effective assistance of counsel at the guilty-plea proceeding. The Supreme Court directed that: "Upon completion of the hearing, the record shall be forwarded to the Court of Appeals. The Court of Appeals shall thereafter address this issue." *People v Johnson,* 413 Mich 487, 491; 320 NW2d ·876

(1982). Accordingly, the Recorder's Court conducted the evidentiary hearing on August 11th and 16th, 1982, and then forwarded the record to this Court. After reviewing the record, we are not persuaded that defendant was denied his right to effective assistance of counsel and, therefore, we affirm his conviction.

At the outset, we note that defendant's contention that he was denied his right to effective assistance of counsel at the preliminary examination was waived by his plea of guilty.

Under the principles recognized by the United States Supreme Court in the *Brady* trilogy:[1]

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *." *Tollett v Henderson*, 411 US 258, 267; 93 S Ct 1602; 36 L Ed 2d 235 (1973).

While our Supreme Court has recognized that there is a limited class of rights, *i.e.*, those which might provide a "complete defense" to a criminal prosecution that may never be waived by a guilty plea, *People v Alvin Johnson*, 396 Mich 424; 240 NW2d 729 (1976), the right asserted by defendant, *i.e.*, the right to effective assistance of counsel, does not fall within that class. Since the remedy

---

[1] *Brady v United States*, 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970); *McMann v Richardson*, 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970); *Parker v North Carolina*, 397 US 790; 90 S Ct 1458; 25 L Ed 2d 785 (1970).

afforded a defendant who has been denied his or her right to effective assistance of counsel is a new trial and not a reversal, *People v DeGraffenreid,* 19 Mich App 702, 716; 173 NW2d 317 (1969), it cannot be said that a finding of ineffective assistance is a "complete defense" within the meaning of *Alvin Johnson, supra.*

Turning our attention to defendant's claim that he was denied his right to effective assistance of counsel at the plea proceeding, it should be noted that, while the overwhelming majority of such claims involve cases where there has been a trial, this Court has held that such claims are reviewable following a plea of guilty. *People v McDonnell,* 91 Mich App 458; 283 NW2d 773 (1979), *lv den* 407 Mich 938 (1979); *People v Kimble,* 109 Mich App 659, 663; 311 NW2d 446 (1981).

When analyzing claims of ineffective assistance of counsel, this Court has traditionally applied the bifurcated standard set forth in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), and *People v DeGraffenreid, supra.* This test was not designed, however, to deal with the guilty plea proceeding in which effective assistance of counsel is inextricably linked to a voluntary and understandingly tendered plea. See, Marks, Comment, *Effective Assistance of Counsel in Plea Bargaining: What Is the Standard?,* 12 Duquesne L Rev 321 (1973). Thus, in reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, the Court should focus upon whether the defendant's plea was made voluntarily and understandingly. *Tollett v Henderson, supra.*

In this case, defendant's claim of ineffective assistance is based, in large part, upon defense counsel's alleged lack of preparation. The record reveals that defense counsel was able to meet with

defendant for only a short while before the guilty plea proceeding. In *People v Kimble, supra,* this Court rejected the notion that "there is per se ineffective assistance of counsel where the initial contact between attorney and defendant precedes the plea of guilty and sentence by only a few hours". Absent a claim that counsel failed to seriously investigate and consider the possibility of defenses suggested by defendant, counsel's assistance will not be deemed ineffective merely because of the time element. *People v Kimble, supra.* Here there is no evidence that defendant suggested any possible defenses to counsel. While defense counsel did fail to interview eyewitnesses whose names were suggested by defendant, neglecting to interview witnesses is not, by itself, enough to constitute ineffective assistance of counsel unless it can be shown that such failure resulted in counsel's ignorance of valuable evidence which would have substantially benefitted the accused. *United States v Johnson,* 466 F2d 1206 (CA 8, 1972); *Winters v Cook,* 333 F Supp 1033 (ND Miss, 1971). Here there has been no showing whatsoever that, had defense counsel interviewed the witnesses defendant had spoken of, he would have uncovered any favorable evidence. While the record reflects that defense counsel's investigation into the facts of this case was not as thorough as it might have been, it was thorough enough to assure that defendant's plea was made knowingly and voluntarily. More is not required.

Our review of the record convinces us that counsel allowed defendant to offer a plea of guilty only after she had satisfied herself that there were no available defenses, that the evidence against defendant was overwhelming and that defendant would receive a very favorable, reduced sentence. Any

doubt concerning the voluntariness of defendant's plea is quickly dispelled by a review of the plea transcript which reveals that defendant indicated on several occasions that he was pleading guilty voluntarily with full knowledge of the rights he was waiving and the potential consequences. The record also reflects that defendant provided a very thorough and detailed factual basis to support his plea. Furthermore, there is nothing in the record that would impeach defendant's plea or suggest that the admissions he made in open court were anything but the truth.

In conclusion, we are not persuaded that defendant was denied his right to effective assistance of counsel and, therefore, we affirm.

R. M. MAHER, J. *(dissenting)*. I respectfully dissent.

In evaluating an ineffective assistance of counsel claim, this Court employs a two-part test. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). I believe that defendant's counsel failed to satisfy one part of this test, *viz.:*

"Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations." *People v Garcia, supra,* p 264, quoting *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974).

It should first be noted that defendant was represented by two lawyers practicing out of the same office. Defendant's first attorney spent very little time with his client. He discussed no defenses or trial strategy with defendant, interviewed no witnesses and did no discovery. Perhaps most impor-

tantly, this attorney never discussed with defendant the possibility of pleading guilty.

At the plea-taking hearing, defendant was represented by a second attorney. The record reveals that she never discussed the case with defendant's original attorney and the office file contained little information about the facts of the case. As a result, defendant's second attorney was in no position to weigh the pros and cons about going to trial or pleading guilty.

I believe that an attorney of ordinary skill and training in the criminal law would not allow his or her client to plead guilty knowing nothing about the merits of his or her client's case. Thus, a defendant who is considering offering a plea of guilty has the right to be advised by an attorney who is so informed. The right to effective assistance of counsel requires at least that quality of assistance.

In the present case, defendant's first attorney—who knew something about the case—never talked to defendant about pleading guilty. Defendant's second lawyer apparently did discuss a guilty plea with defendant, but she knew nothing about the merits of defendant's case. Thus, defendant was never advised by informed counsel as to the desirability of pleading guilty and, consequently, was denied the right to effective assistance of counsel.

I would reverse.