PEOPLE v ALCORTA

PEOPLE v GUEVARA

Docket Nos. 82004, 82005, 82114. Submitted September 5, 1985, at Lansing.—Decided November 19, 1985. Leave to appeal applied for.

    Pursuant to a plea bargain, Anita R. Alcorta pled guilty in Lenawee Circuit Court to one count of unlawful delivery of less than 50 grams of heroin and to being a second-felony offender and was sentenced, John C. Timms, J. Similarly and also pursuant to plea bargains, Esequiel Guevara pled guilty in two separate proceedings in Lenawee Circuit Court to a total of three counts of unlawful delivery of less than 50 grams of heroin and was sentenced, John C. Timms and Kenneth B. Glaser, JJ. Defendants filed motions to withdraw their guilty pleas in all three cases alleging ineffective assistance of counsel, coercion, and lack of understanding as to sentencing implications. A separate hearing was held on each motion, and all the motions were denied. Defendants then filed separate appeals from the denial of each of the motions. The appeals have been consolidated. *Held:*

    1. The trial courts did not abuse their discretion in denying defendants' motions to withdraw their guilty pleas or in not permitting the defendants to be present at the hearings on the motions. Defendants were adequately represented by counsel in the proceedings.

    2. Defendants understood the sentence benefits of their plea bargains and they were not pressured into pleading guilty by their attorneys.

    3. Defense counsel did not fail to prepare and investigate properly defendants' cases prior to recommending guilty pleas.

    Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 501 *et seq.*, 984 *et seq.*

Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

1. CRIMINAL LAW — MOTIONS TO WITHDRAW GUILTY PLEAS — PRESENCE OF DEFENDANT.

   A defendant has no statutory right to be present at postsentencing hearings on motions to withdraw guilty pleas.

2. CRIMINAL LAW — RIGHT TO COUNSEL — FAILURE TO INTERVIEW WITNESSES.

   Mere failure on the part of counsel to interview witnesses does not establish inadequate preparation of a defendant's case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nathan T. Fairchild,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Kenneth W. Crause,* for defendants on appeal.

Before: DANHOF, C.J., and M. J. KELLY and D. F. WALSH, JJ.

PER CURIAM. In these three consolidated cases, two individual defendants appeal from trial court orders denying their motions to withdraw guilty pleas under GCR 1963, 785.7. We affirm the plea convictions in all three cases.

Defendants were two of many individuals arrested in April of 1984 as the result of a massive drug bust in Lenawee County. Defendant Anita Alcorta was charged in nine separate informations with delivery offenses. In Case No. 82004, Alcorta pled guilty to one count of unlawful delivery of less than 50 grams of a controlled substance (heroin), MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv), and to being a second-time felony offender, MCL 769.10; MSA 28.1082. In return for this plea, the prosecution agreed to dismiss the other eight charges and to file a supplemental information against the defendant under the habitual offender statute rather than under the controlled substance sentence enhance-

ment statute, MCL 333.7413(2); MSA 14.15(7413)(2), which would have increased by 10 years the maximum allowable sentence to which defendant would have been subjected. See *People v Hatch,* 126 Mich App 399, 406-407; 337 NW2d 79 (1983). On July 16, 1984, Alcorta was sentenced to a term in prison of from 20 to 30 years.

In Case No. 82005, defendant Esequiel Guevara pled guilty to two counts of unlawful delivery of less than 50 grams of a controlled substance (heroin), MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv). In Case No. 82114, Guevara pled guilty to another count of unlawful delivery of less than 50 grams of heroin, before a different judge. In return for these pleas, the prosectuion dismissed four other charges and agreed not to file an habitual offender information. Defendant was subsequently sentenced on all three plea convictions to concurrent terms of from 13 to 20 years in prison.

In September of 1984, both defendants filed motions to withdraw their guilty pleas in all three cases relying upon the same three grounds: (1) ineffective assistance of counsel, (2) coercion and (3) lack of understanding as to sentencing implications. A separate hearing was conducted on each motion, and all the motions were denied.

Defendants then filed three separate claims of appeal which were eventually consolidated in this Court. One attorney is representing both defendants in all three files and is the same attorney who filed the motions to withdraw the guilty pleas at the trial court level, thus preserving each defendant's right to appellate review. *People v Baugh,* 127 Mich App 245, 247; 338 NW2d 199 (1983), *lv den* 419 Mich 896 (1984). On appeal, however, counsel has failed to cite any authority in support of the arguments advanced and offers only conclu-

sory assumptions and statements contrary to the rule announced in *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959), and applied in the criminal context in *People v Sims,* 62 Mich App 550; 233 NW2d 645 (1975). We nevertheless consider the substance of the arguments raised by defendants on appeal in light of the record developed at the postsentencing hearings to preclude further state or federal proceedings.

The essence of each of defendants' arguments on appeal is that they were pressed into pleading guilty by their respective attorneys and did not fully comprehend the implications of their decisions. Defendants were represented by two different attorneys; defendant Guevara's attorney represented him in both cases. Defendants do not allege that the trial court coerced their pleas, or imparted misinformation, or failed to comply with any of the requirements of GCR 1963, 785.7. Our analysis thus focuses on the adequacy of counsel throughout the plea negotiations and proceedings.

Appellate counsel contends plain error in that neither defendant was allowed to be present at the hearings on the motions to withdraw their guilty pleas. Defendants argue on appeal that their absence from the hearings contravened their statutory and constitutional rights, both state and federal, and violated Michigan Court Rules. Defendants do not support the allegations with any authority.

MCL 768.3; MSA 28.1026 guarantees the right of a defendant in a criminal felony proceeding to be "personally present during the trial". The Supreme Court has recently interpreted this statute to mean that:

"A defendant has a right to be present during the voir dire, selection of and subsequent challenges to the

jury, presentation of evidence, summation of counsel, instruction to the jury, rendition of the verdict, imposition of sentence, and any other stage of trial where the defendant's substantial rights might be adversely affected." *People v Mallory,* 421 Mich 229, 247; 365 NW2d 673 (1984).

In *People v Medcoff,* 344 Mich 108, 115; 73 NW2d 537 (1955), the Supreme Court noted that the term "trial", when considered in the context of a defendant's right to be present at any stage of trial where substantial rights may be affected, does not include "matters occurring after the hearing on the merits or rendition of the verdict". We find no statutory right to be present at postsentencing hearings on motions to withdraw guilty pleas. We do not consider whether defendants have a constitutional right to be present since this issue is not adequately presented for appellate consideration. Instead, we simply review the trial courts' decisions in these cases denying defendants' motions to withdraw their guilty pleas for an abuse of discretion. *People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191 (1960).

We are not persuaded that the trial courts abused their discretion in concluding that defendants were adequately represented by counsel in the proceedings. See *People v Johnson (After Remand),* 125 Mich App 76; 336 NW2d 7 (1983), *lv den* 419 Mich 867 (1984). While defendants both claim that they did not comprehend all of the sentence possibilities or the effects of any supplemental informations, the records of the various plea hearings belie these contentions. At each hearing, the trial judge carefully explained the sentence ramifications of each plea, specifically pointing out the different maximums depending upon whether an habitual conviction was or was not obtained. It is apparent from the responses of

each defendant that both fully understood the nature and effect of the possible supplemental charges. At one point in defendant Guevara's plea-taking hearing in Case No. 82005, defendant even inquired: "They are going to drop the supplements on me, right? The habituals?" During a brief exchange between defendant Alcorta and the trial court during her plea-taking, defendant clearly indicated that she understood her maximum allowable sentence would be 30 years under the plea agreement as opposed to 40 years if supplemental charges under the controlled substance sentence enhancement statute were to stand. We think both defendants understood the sentence benefits of their plea bargains.

Nor are we persuaded that defendants were pressured by their attorneys into pleading guilty. Counsel's prompting of defendant Guevara on the record was in response to defendant's inability to recall his involvement in a particular transaction. After a brief recess, defendant simply testified that although he could not recall the specific circumstances, he was sure that he was present in the house at the time the delivery was made and that he and defendant Alcorta had a partnership arrangement in which they shared any profits obtained from the sale of drugs regardless of who actually delivered the contraband. Counsel's admonishment of defendant Alcorta at her plea-taking, when considered in the context of the entire record, does not suggest coercion in the decision to plead but rather a warning as to the propriety of defendant's comments on the judicial system and the effect of those comments on the acceptance of her plea.

Nor are we persuaded that defendants' attorneys failed to properly prepare and investigate their cases prior to recommending guilty pleas. Mere

failure to interview witnesses does not establish inadequate preparation. *People v Johnson, supra,* p 81. Neither defendant sets forth on appeal any meritorious defenses which could have been discovered through counsel's investigative efforts, and the plea-taking records in all cases clearly establish that both defendants committed the acts charged. As already noted, defendant Guevara explained his partnership with defendant Alcorta in the sale of narcotics. Defendant Alcorta specifically explained to the trial court that she sold narcotics to support her own habit.

We are inclined to agree with the trial courts in these cases that defendants' attempts to withdraw their pleas are due to their dissatisfaction with the sentences imposed. Each defendant received a favorable plea agreement resulting in the dismissal of other charges and supplemental charges which reduced the maximum sentences allowable. All of the reasons advanced by defendants in support of their motions to withdraw existed prior to sentencing yet neither defendant attempted to withdraw the plea prior to or at the sentencing hearing, in which case their motions would have been more favorably viewed. See *People v Cannon,* 145 Mich App 100; 377 NW2d 354 (1985).

Affirmed.