PEOPLE v CABALLERO

Docket No. 121163. Submitted May 14, 1990, at Marquette. Decided
    July 16, 1990. Leave to appeal applied for.

David Caballero was convicted following a bench trial in the
    Chippewa Circuit Court, Charles H. Stark, J., of two counts of
    first-degree criminal sexual conduct. Later, the court vacated
    defendant's convictions and granted him youthful trainee sta-
    tus. The people filed a complaint for superintending control and
    the Court of Appeals reversed the order vacating defendant's
    convictions, set aside the order granting defendant youthful
    trainee status, and remanded the case for sentencing before a
    different judge. Court of Appeals order entered June 14, 1989
    (Docket No. 116430). Defendant subsequently moved for an
    evidentiary hearing and a new trial, alleging ineffective assis-
    tance of counsel. Following a hearing, the substituted judge,
    Martin B. Breighner, set aside defendant's convictions and
    ordered a new trial. The people appealed by leave granted.

    The Court of Appeals *held:*

    1. The Court of Appeals will not substitute its own judgment
    for that of defense counsel in matters of trial strategy.

    2. There is no basis in the record for the substituted trial
    court's findings that defense counsel was unprepared and that
    inadmissible evidence was placed before the original trial court.

    3. Defendant did not carry his burden of overcoming the
    presumption that his trial counsel afforded effective assistance.

    The order setting aside defendant's convictions is reversed,
    the prior convictions are reinstated, and the case is remanded
    for resentencing before a different judge.

1. CRIMINAL LAW — APPEAL — TRIAL STRATEGY.

    The Court of Appeals will not substitute its own judgment for
    that of defense counsel in matters of trial strategy.

REFERENCES
Am Jur 2d, Criminal Law §§ 984, 985.
Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.

2. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUN-
   SEL.

   A defendant making a claim that his counsel was unprepared
   must show prejudice resulting from the alleged lack of prepara-
   tion.

3. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUN-
   SEL.

   Defense counsel's failure to interview witnesses does not itself
   establish inadequate preparation; what must be shown is that
   such failure resulted in counsel's ignorance of valuable evi-
   dence which would have substantially benefited the defendant.

4. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUN-
   SEL.

   A defendant has the burden of overcoming the presumption that
   his trial counsel afforded effective assistance.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, and *Eric J. Eggan,* Assis-
tant Attorney General, for the people.

*Lipton, Papista, Cohen & Alli, P.C.* (by *David A.
Goldenberg),* for defendant on appeal.

Before: CYNAR, P.J., and WEAVER and GRIFFIN,
JJ.

WEAVER, J. Following a bench trial in January,
1989, defendant was convicted on two counts of
first-degree criminal sexual conduct, MCL
750.520b; MSA 28.788(2). Later, the trial judge
vacated defendant's convictions and granted defen-
dant youthful trainee status under the youthful
trainee act, MCL 762.11 MSA 28.853(11). The peo-
ple filed a complaint for superintending control
with this Court, contesting the trial judge's action.
This Court reversed the lower court's order vacat-
ing defendant's convictions, set aside the order
granting defendant youthful trainee status, and

remanded the case for sentencing before a different judge.[1]

Defendant subsequently moved for an evidentiary hearing and a new trial, alleging ineffective assistance of counsel. Following a *Ginther* hearing, *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973), the substituted judge found defendant had been denied effective assistance of counsel. On September 11, 1989, the judge set aside defendant's convictions and ordered a new trial. The people appealed by leave granted, and are before us now contesting the court's finding of ineffective assistance of counsel. We reverse and remand for sentencing with instructions.

At trial there was little dispute about the events of the evening during the hours before the sexual acts occurred. Defendant, then a college wrestler in his third year at Lake Superior State College, and complainant, a college freshman, met at a local bar, where they were introduced by a mutual friend. After dancing together for a while, they rode with friends to another party where they again danced together and began to kiss. When complainant left the party, defendant accompanied her to her dorm room. Defendant admitted that while in complainant's dorm room sexual penetration, both oral and vaginal, had occurred. Defendant's position was that the complainant had consented to the intercourse. Complainant testified that when defendant began kissing her she asked him to leave, but he pushed her down on the bed. Defendant then straddled her, pinning down one of her arms, and began to undress her. While restraining her, defendant inserted two or three fingers in her vagina and then briefly engaged in intercourse. After withdrawing, defendant pushed

[1] This was done by order on June 14, 1989 (Docket No. 116430).

down complainant's head and forced her to perform oral sex. The following day complainant was in pain and was treated by a physician for labial and vaginal abrasions. At the close of the trial, the trial judge stated that he believed complainant's testimony. The judge said he reached this conclusion after considering the physical evidence and finding that defendant's version of the acts that night was not credible.

Following the *Ginther* hearing the trial court concluded that defense counsel's deficiencies[2] arose "not from the strategy employed, but from the execution of that strategy." On appeal the prosecutor contends that the errors relied on by the circuit court do not constitute ineffective assistance of counsel.

The first[3] error the trial court found was defense

_____

[2] The trial court summarized these deficiencies as follows:

1. Trial counsel failed to effectively impeach [complainant] with prior inconsistent statements.

2. Trial counsel failed to properly investigate potential areas of [complainant's] history, which may have provided significant ammunition to impeach her credibility. These include prior psychological counseling or treatment, school records, prior inconsistent statements and personality characteristics (mood swings).

3. During trial, trial counsel placed before the Trial Judge inadmissible statements of Defendant, through the conduct of a *Walker* [*People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965)]. Hearing. The result was that the Trial Judge heard Defendant's statements which should not have been considered by the Trial Judge but may have affected him in terms of judging Defendant's credibility.

4. Trial counsel's preparation was wholly inadequate. It consisted of telephone interviews with critical witnesses. No notes or records were taken of such interviews. As a result, trial counsel failed to discover significant information which may have been useful at trial, particularly as it affected [complainant's] credibility.

5. Trial counsel's form of cross examination of [complainant] and other witnesses served to support testimony adverse to Defendant. In particular, his examination of [complainant] left the impression that her testimony was consistent and credible.

[3] For convenience we have combined here discussion of the fourth and fifth "deficiencies" set out by the trial judge. See footnote 2.

counsel's failure to cross-examine and impeach complainant with inconsistent statements. The specific inconsistent statements referred to concerned the timing of events during the night. At the *Ginther* hearing defense counsel testified that as a matter of trial strategy he chose not to antagonize the court by attacking the alleged victim. It is inappropriate for this Court to substitute its own judgment for that of defense counsel in matters of trial strategy. *People v Hedelsky,* 162 Mich App 382; 412 NW2d 746 (1987). We do note that counsel's choice of tactics is a reasonable one, bolstered by the facts that this was a bench trial and the relevant inconsistencies had all been brought out.

The second deficiency relied upon by the trial judge was defense counsel's failure to investigate complainant's history, including, specifically, her psychological counseling, school records, etc. When making a claim of defense counsel's unpreparedness, a defendant is required to show prejudice resulting from this alleged lack of preparation. *People v Grant,* 102 Mich App 368; 301 NW2d 536 (1980). Here, there was no evidence presented at the *Ginther* hearing to show that such an investigation would have revealed any information to benefit defendant. Defendant presented none of the records referred to, nor any affidavits supporting his position. At the *Ginther* hearing the only evidence to support defendant's theory of undiscovered evidence was the testimony, by one of complainant's friends, that complainant had been seeing a psychologist for counseling after an attempted overdose on Tylenol during high school. Review of the trial and the *Ginther* hearing convinces us there is no reason to believe that the

absence of this information prejudiced defendant.[4] There is no basis in the record for a finding of error on this ground.

The third factor relied upon by the trial judge was that defense counsel held a *Walker* hearing, *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965), during the middle of the trial, and thereby placed before the judge statements that were otherwise inadmissible. This finding of error is unsupported by the record. The only statement in the *Walker* hearing transcript that would have been inadmissible at trial was that defendant wished to speak with legal counsel before talking to the police. See *People v Bobo*, 390 Mich 355; 212 NW2d 190 (1973). However, the trial judge expressly stated he was not considering any of the testimony from the hearing. Defendant has simply failed to show prejudice.

The fourth reason assigned by the trial judge is that defense counsel failed to adequately prepare for trial, and thereby missed significant information which may have been useful. Specifically, defendant complained that his counsel interviewed the witnesses by telephone and took no notes of his interviews. At the *Ginther* hearing the only evidence concerning defense counsel's notes was counsel's testimony that he had indeed taken notes, although he had not brought them to the hearing. In light of this uncontroverted evidence, we conclude the judge's finding is unsupported. Further, we cannot agree that interviewing wit-

---

[4] Defendant was charged with and convicted of first-degree criminal sexual conduct. In establishing this the prosecutor attempted to show either bodily injury or mental anguish. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) and MCL 750.520a(j); MSA 28.788(1)(j). Defendant's theory was that complainant's prior counseling would have been important in considering the issue of mental anguish. However, this argument is not pertinent because at the close of the criminal sexual conduct trial the judge found the state had established the element of bodily injury but not mental anguish.

nesses by telephone constitutes inadequate preparation. Even the failure to interview witnesses does not itself establish inadequate preparation. *People v Alcorta*, 147 Mich App 326; 383 NW2d 182 (1985), lv den 425 Mich 876 (1986). It must be shown that the failure resulted in counsel's ignorance of valuable evidence which would have substantially benefited the accused. *People v Johnson (After Remand)*, 125 Mich App 76; 336 NW2d 7 (1983). Here, the only information defendant alleged could have been discovered was a conversation[5] between complainant and one of her friends. We note that the witness had three interviews with defense counsel, one in person, during which she failed to mention this conversation. Defendant failed to show how additional personal interviews with one of complainant's friends could have prompted the revelation of this evidence.

Defendant has the burden of overcoming the presumption that his trial counsel afforded effective assistance. *People v Reinhardt*, 167 Mich App 584; 423 NW2d 275 (1988), lv den 430 Mich 874 (1988). After our review of the trial transcript and the record of the *Ginther* hearing, we conclude defendant did not carry this burden. As our discussion reveals, none of the deficiencies found by the trial judge amounted to ineffective assistance of counsel, nor do they when considered in aggregate. Defendant has failed to show that he was denied effective assistance of counsel. *Strickland v Wash-*

---

[5] At the *Ginther* hearing, the witness, Elizabeth McKay, testified that she had discussed the rape with complainant some six months after it took place. Ms. McKay further testified:

We got to talking about the trial and court cases and everything. I asked how things were going and then we got to talking about what happened. She had mentioned the fact she had told Dave no, but she said he was pressuring her and she told him that, well, okay, we can take off our clothes and just— we'll get into bed together, but we cannot go all the way.

*ington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977).

Our finding on this issue makes it unnecessary to discuss plaintiff's other two assignments of error.

We reverse the September 11, 1989, order setting aside defendant's convictions, reinstate the prior convictions, and once again remand for sentencing, with yet another judge. We do not retain jurisdiction.

Reversed and remanded.