# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHAD RHETT WERTZ,

Defendant-Appellant.

UNPUBLISHED
October 16, 2014

No. 317100
St. Clair Circuit Court
LC No. 11-000694-FH

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

A jury convicted defendant of burning insured property, MCL 750.75, and making a false report of a felony, MCL 750.411a(1)(b). The trial court sentenced defendant to concurrent prison terms of 1 to 10 years for the arson conviction and one to four years for the false report conviction. Defendant appeals as of right. We affirm.

Defendant was tried jointly with his then girlfriend, and now wife, Tiffany Norton, before a single jury. The jury found both defendants guilty of arson of insured property and making a false report of a felony. Defendant and Norton were convicted of intentionally burning Norton's insured automobile and falsely reporting to the police that the vehicle had been stolen.

Defendant's sole argument on appeal is that defense counsel was ineffective for failing to subpoena the insurance company's claim file. Defendant asserts that he told the claims representative that Norton's father had a key to the vehicle and had threatened defendant, and defendant argues that if defense counsel had subpoenaed the file and discovered this information, he would have been able to present the defense of an alternate suspect.

It is counsel's duty to make an independent examination of the facts, laws, pleadings, and circumstances involved in the matter, and to pursue all leads relevant to the issues. *People v Grant,* 470 Mich 477, 486-487, 498-499; 684 NW2d 686 (2004). The failure to conduct a reasonable investigation can constitute ineffective assistance of counsel. *People v McGhee,* 268 Mich App 600, 626; 709 NW2d 595 (2005). Counsel may be ineffective for failing to discover and present witnesses who could have directly contradicted the prosecution's case, see, e.g., *Grant,* 470 Mich at 491-493, and *People v Johnson*, 451 Mich 115, 118-120; 545 NW2d 637 (1996), or who could have otherwise provided a substantial defense. *People v Julian,* 171 Mich App 153, 159; 429 NW2d 615 (1988). The failure to interview witnesses or investigate evidence does not alone establish inadequate preparation. *People v Caballero,* 184 Mich App 636, 642;

-1-

459 NW2d 80 (1990). It must be shown that the failure resulted in counsel's ignorance of valuable evidence which would have substantially benefited the defendant. *Id.* "In order to overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to prepare for trial resulted in counsel's ignorance of, and hence failure to present, valuable evidence that would have substantially benefited the defendant." *People v Bass (On Rehearing),* 223 Mich App 241, 253; 565 NW2d 897 (1997), vacated in part on other grounds 457 Mich 866 (1998).

The record does not support defendant's claim that defense counsel's failure to obtain the insurance file amounted to ineffective assistance of counsel. First, the information that defendant maintains defense counsel should have obtained (i.e., that Norton's father also had a key to the car) was not dependent upon counsel obtaining the insurance file. Defendant was the source of the information in the insurance file. Defendant could have easily provided the same information to defense counsel. It was not necessary that counsel subpoena the insurance file to obtain this information. Although defendant suggests that the information would have been more credible if it was shown that it was documented in the insurance company's own records, the records merely documented what defendant himself had reported, not what the insurance company had determined or corroborated through an independent investigation.

Second, accepting as true that Norton's father had a key to the vehicle, that information would not have provided defendant with a substantial defense, and there is no reasonable probability that the outcome of trial would have been different if the jury had known about this information. The evidence at trial did not suggest that the vehicle was taken by someone with a key. Rather, the record indicates that defense counsel was provided with a forensic lock service report, which indicated that the steering column lock on the vehicle had been "attacked and defeated allowing operation of the vehicle without a key." In light of this evidence, it would have been reasonable for counsel to conclude that any alternate suspect defense based on a third party also having a key to the vehicle would not have been viable. Moreover, it would have conflicted with other evidence that Norton had reported that both sets of car keys (one maintained by defendant and the other by Norton) were accounted for.

In addition, the prosecutor's theory of the case did not rely on a showing that only defendant and Norton could have had access to the vehicle near the time it was burned. Rather, the principal evidence linking defendant and Norton to the crimes involved the circumstances in which they reported the vehicle stolen. Defendant and Norton reported that the vehicle was stolen while they were shopping at a Meijer store. The prosecution presented evidence that surveillance cameras at the Meijer store would have depicted the vehicle and defendant's arrival at and departure from the store, and that the cameras were unable to corroborate any of defendant's claims concerning the location where he parked, when he arrived at the store, the entrance he used to enter the store, how long he stayed there, and when he left. The prosecution also presented evidence that cameras depicted defendant and Norton approaching the store on foot from a trail south of the parking lot, walking from the direction where the burned car was discovered. Moreover, no broken glass or other evidence of a breaking and entering was found in the parking lot. Evidence was also presented that defendant and Norton both gave conflicting and varying statements regarding the events surrounding the alleged theft of the vehicle. There is no reasonable probability that evidence showing that a third person had a key to the vehicle would have diminished the impact of this damaging evidence.

Accordingly, we reject defendant's claim that defense counsel's failure to obtain the insurance claim file deprived defendant of the effective assistance of counsel.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause