# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

BLAINE ARTHUR ARCHAMBEAU,

    Defendant-Appellant.

UNPUBLISHED
October 22, 2015

No. 321660
Bay Circuit Court
LC No. 13-010801-FH

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of unlawful use of a motor vehicle, MCL 750.414, and domestic violence, second offense, MCL 750.81a(3).[1] The court sentenced defendant as a habitual fourth offender, MCL 769.12, to 365 days for domestic violence and 14 to 180 months for unlawful use of a motor vehicle. Defendant now appeals as of right from his conviction, and we affirm.

## I. FACTUAL BACKGROUND

This prosecution stems from an incident when defendant drove a car belonging to Christina Salo, with whom defendant lived. Salo testified that defendant did not have permission to use the car, but defendant nevertheless took the car while Salo was in the bathroom. Defendant testified that he used Salo's car all the time, and he did not ask for her permission each time because she let him use the car whenever he wanted. When defendant returned several hours later, Salo confronted him and they argued about their relationship. Eventually, the altercation became physical, with both Salo and defendant sustaining injuries.

Defendant filed a motion for a new trial predicated on an allegation of ineffective assistance of counsel. Defendant asserted that trial counsel failed to interview and present the testimony of three witnesses whom, defendant claimed, could have testified that they saw defendant drive Salo's car multiple times, including times when Salo was in the car. The court

---

[1] The jury acquitted defendant of assault by strangulation, MCL 750.84(1)(b).

-1-

denied the motion for a new trial. Defendant appealed his conviction and filed a motion to remand for a *Ginther*[2] hearing, which was granted.[3]

At the *Ginther* hearing, defendant's trial counsel testified that he could not recall defendant telling him about any potential witnesses. Trial counsel explained that his notes taken during an interview with defendant did not reflect that defendant told him about any witnesses and that it was his normal practice to record such information in his notes. Additionally, trial counsel explained that it was his "universal practice" to send form letters to clients asking for information about potential witnesses. According to trial counsel, he received three letters from defendant and none of them mentioned any potential witnesses. Defendant also testified that he never received a form letter from trial counsel asking for information about possible witnesses.

Defendant's proposed witnesses were Goodwine, Tigner, and Beaudry. Goodwine testified that he saw defendant drive Salo's car three or four times a week. Tigner testified that he saw defendant drive Salo's car multiple times, both when he was with Salo and when he was alone. Finally, Beaudry testified that he saw defendant drive Salo's car almost every day during the summer. Defendant also asserted that he told trial counsel that he used Salo's car to go on trips for his daughter's birthday, to go to Greektown Casino, and to visit the Lumberman's Monument in Tawas City.

The court found that defendant's testimony was not credible and denied defendant's motion for a new trial.

## II. STANDARD OF REVIEW

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *Id.* "This Court reviews a trial court's factual findings for clear error and reviews de novo questions of constitutional law." *People v Dendel*, 481 Mich 114, 124; 748 NW2d 859 (2008), amended on other grounds 481 Mich 1201 (2008). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Id.* at 130.

## III. ANALYSIS

"[I]t is the defendant's burden to prove that counsel did not provide effective assistance." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To prove that defense counsel

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] *People v Archambeau*, unpublished order of the Court of Appeals, entered March 13, 2015 (Docket No. 321660).

was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Id*. at 80-81, citing *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Heft*, 299 Mich App at 81. "The defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy." *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). "In order to overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to call a witness deprived him of a substantial defense that would have affected the outcome of the proceeding." *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994).

As noted earlier, defendant's claim of ineffective assistance is based on the alleged intertwining failure of counsel to interview witnesses and counsel's failure to use the same witnesses to impeach the victim. Failure to interview a witness constitutes ineffective assistance of counsel if it resulted in counsel's ignorance of valuable evidence that would have substantially benefitted the accused. *People v Caballero*, 184 Mich App 636, 642; 459 NW2d 80 (1990).

"[R]egard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). After reviewing the record and giving due regard to the trial court's credibility determination, we conclude that the court did not clearly err in finding that defendant never told trial counsel about any potential witnesses. The testimony conflicted. Defendant testified that he gave trial counsel the names of three witnesses, and that he never received a letter from counsel asking for names of witnesses. Trial counsel testified that he did send a letter and that defendant never provided him with any witnesses names. Based on this evidence, we cannot overturn the trial court's factual findings. Counsel cannot be deemed ineffective for failing to investigate disclosed witnesses where defendant never divulged the existence of the witnesses.

Defendant's second argument that counsel was ineffective because he failed to use the three witnesses to impeach the victim fails because it is contingent upon his first argument. If defendant did not disclose the existence of the witnesses, counsel was not ineffective by failing to use their testimony to impeach the victim.

Affirmed.


/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro

-3-