# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MATTHEW JAMES BLUMKE,

       Defendant-Appellant.

UNPUBLISHED
February 23, 2016

No. 323199
Macomb Circuit Court
LC No. 2013-004546-FC

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault by strangulation, MCL 750.84, unlawful imprisonment, MCL 750.349b, malicious destruction of property with a value less than $200, MCL 750.377a(1)(d), and interfering with a crime report, MCL 750.483a. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 19 to 40 years in prison for the assault and unlawful imprisonment convictions, and 274 days in jail for the malicious destruction of property and interfering with a crime report convictions, to be served concurrently. We affirm his convictions, but remand for reconsideration of his sentences in accordance with *Lockridge*.[1]

## I. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that he was denied the effective assistance of counsel at trial. Because defendant did not raise this issue in a motion for a new trial and no *Ginther*[2] hearing occurred (defendant's motion for remand was denied by this Court), our review is limited to mistakes apparent on the record. *People v Seals*, 285 Mich App 1, 19-20; 776 NW2d 314 (2009). Whether defendant was denied his right to the effective assistance of counsel generally presents a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Gaines*, 306 Mich App 289, 300; 856 NW2d 222 (2014), this Court stated:

---

[1] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Effective assistance of counsel is presumed, and defendant bears a heavy burden of proving otherwise. To demonstrate ineffective assistance, defendant must show: (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that this performance so prejudiced him that he was deprived of a fair trial. "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." [Citation omitted.]

## A. FAILURE TO INTERVIEW

Defendant first argues that defense counsel was ineffective for failing to interview the prosecution's witnesses. "A defendant raising a claim of ineffective assistance of counsel bears the burden of proving the factual predicate of his or her claim." *People v Stokes*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 321303); slip op at 14. To support his assertions on this issue, defendant relies only on a proposed, unsigned affidavit sent to defense counsel and a responsive letter from defense counsel attached to his appellate brief. The only evidence in the record regarding the investigation of witnesses is defense counsel's statement that he did not receive sufficient discovery about the other-acts witness, Caitlyn Thomas, but that he received an opportunity to conduct voir dire before she testified at trial. Because there is no available record that would establish that trial counsel failed to interview or investigate these witnesses, defendant's claim necessarily fails.

Furthermore, even assuming that defense counsel did not interview the prosecution witnesses, the failure to interview witnesses or investigate evidence does not alone establish inadequate preparation. *People v Caballero*, 184 Mich App 636, 642; 459 NW2d 80 (1990). "The failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense. Similarly, the failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (internal quotations and citation omitted). Defendant fails to explain how counsel's alleged failure to interview witnesses deprived him of either a substantial defense or evidence that could have been helpful to the defense. Additionally, we reject defendant's argument that the presumed prejudice test of *United States v Cronic*, 466 US 648; 104 S Ct 2039, 80 L Ed 2d 657 (1984), applies. There is no basis for concluding that defense counsel's alleged failure was complete, or that counsel failed to subject the prosecution's case to meaningful adversarial testing. Even assuming that counsel did not investigate and interview witnesses, the record discloses that he extensively cross-examined the witnesses at trial, conducted voir dire of Thomas, and moved for a directed verdict, arguing that the prosecutor failed to offer sufficient evidence to present certain charges to the jury.

## B. SELF-DEFENSE INSTRUCTION

Defendant next argues that defense counsel was ineffective for failing to request a jury instruction on non-deadly force in self-defense. CJI2d 7.22 explains that the elements of that defense are (1) that the defendant was not engaged in the commission of a crime at the time he acted, (2) that the defendant honestly and reasonably believed that force was necessary for protection of self, (3) that the defendant used only the amount of force that reasonably seemed necessary to repel the apprehended harm, (4) that the defendant confined the use of force to the

duration of the apprehended threat, and (5) that the defendant did not trigger the apprehended assault through his or her own misconduct.

Even assuming that defense counsel should have requested the self-defense instruction based on defendant's testimony that his girlfriend initiated their physical altercation by swinging at him with a shower curtain rod, defendant cannot establish that defense counsel's failure so prejudiced him that he was deprived of a fair trial. Defendant testified that he took full responsibility for his actions that followed. Based on defendant's testimony scoffing that the victim is "a girl" when asked if she outmatched him, his testimony that she could not beat him up or knock him out, his lack of injuries, and his testimony that he had no desire to escape the victim when given the opportunity when she went to the bathroom, no reasonable juror could find that defendant honestly and reasonably believed that force was necessary for his protection. Moreover, even if the jury believed that the victim attempted to hit defendant with a shower curtain rod, the jury could not find that the amount of defendant's force—strangling, biting, and threatening to kill the victim—was reasonably necessary to repel her. Also, defendant wavered between attributing his actions to the need to restrain the victim and his lack of control because he had been drinking alcohol. Considering that defendant's testimony failed to establish the requisite threat to use non-deadly force, combined with the fact that the victim testified completely differently that defendant was the initial aggressor throughout the evening, defendant cannot establish a reasonable probability that, but for defense counsel's failure to request an instruction on non-deadly force, the result of the proceeding would have been different.

## C. ASSAULT BY STRANGULATION

Defendant makes a number of claims related to his decision to testify. First, he claims that defense counsel did not advise him that his testimony could be interpreted as an admission of guilt. Defendant has failed to establish a factual predicate for this claim. *Stokes*, ___ Mich App at ___; slip op at 14. Instead, defendant stated on the record that he and defense counsel had discussed the "pros and cons" of testifying. He also stated that he had an ample amount of time to discuss the decision whether to testify with defense counsel. Absent any record evidence that defense counsel's advice fell below an objective standard of reasonableness, this portion of defendant's claim must fail.

In a related claim, defendant argues that defense counsel was ineffective because he did not know about the offense of assault by strangulation, and therefore did not advise defendant that his testimony could result in amendment of the charges to include this offense. Even if we were to conclude that defense counsel's lack of knowledge of the offense of assault by strangulation fell below an objective standard of reasonableness, defendant cannot establish that the outcome of the trial would have been different. The evidentiary support for an instruction on that offense did not depend on defendant's testimony. The victim's testimony regarding the strangulation, alone, established the necessary elements of this offense. Therefore, even without defendant's testimony, the evidence supported the prosecutor's request to instruct the jury on

-3-

assault by strangulation.  Absent the requisite prejudice, defendant was not denied the effective assistance of counsel.[3]

## D.  MCL 768.27b

Defendant finally argues that defense counsel should have objected, during voir dire and outside the presence of the jury, to information regarding defendant's physical acts against Thomas's female friend and male friends during one of their conflicts.  Instead, defense counsel objected in the presence of the jury when Thomas first testified that defendant punched her female friend, who had revealed his infidelity to Thomas.  Following the objection, the trial court instructed Thomas to confine her testimony to her own experiences with defendant.  The jury did not hear any testimony regarding the male friends.  Defense counsel did not thereafter request a cautionary instruction about defendant punching Thomas's female friend.

In domestic violence cases, MCL 768.27b allows for the admission of evidence of the defendant's commission of other acts of domestic violence for any purpose for which it is relevant.  The definition of domestic violence includes "[p]lacing a family or household member in fear of physical or mental harm."  MCL 768.27b(5)(a)(ii).  Assuming without deciding that defendant's conduct with Thomas's friends was not domestic violence under MCL 768.27b, the isolated mention of defendant's punching Thomas's female friend did not prejudice defendant in light of the overwhelming evidence of his guilt.  The victim testified that defendant was angry and, throughout the night, he exhibited his anger by:  blocking the victim's airway; biting her; grabbing her by her head, leg, hair, and arms; throwing furniture, bathroom fixtures, and a lightbulb; repeatedly preventing her from leaving their apartment; forcing her to sit under hot water in the tub, and; repeatedly threatening to kill her.  Thomas confirmed that defendant had a bad temper and, during their dating relationship, he had caused her physical and mental harm, including placing her in a headlock, scratching her, punching her car headlight and window, and dragging her from his car on several occasions while angry.  Given the victim's testimony about the charged acts and Thomas's testimony demonstrating defendant's propensity to commit acts of violence against women who were or had been romantically involved with him, defendant cannot establish a reasonable probability that, but for defense counsel's failure to object earlier to, or to request a cautionary instruction about, a single reference to defendant's treatment of Thomas's female friend, the outcome of the proceeding would have been different.

## II.  SENTENCING

Last, defendant argues that this Court should remand for resentencing because the trial court improperly scored offense variables (OV) 3, 4, 7, and 8 based on facts that were not found by the jury beyond a reasonable doubt.  We agree.  Because defendant did not object to the

---

[3] In an additional related claim, defendant claims that defense counsel should have questioned him about the difference between a headlock (a body-control technique) and a stranglehold (meant to cut off circulation).  Defendant's claim is inconsistent with the record.  Defense counsel, in fact, elicited testimony from defendant that, with the "headlock," he was attempting to restrain the victim.

scoring of these OVs on this basis in the trial court, this issue is unpreserved and our review is limited to plain error affecting substantial rights. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are unconstitutional to the extent that they require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range. *Id.* at 364. The concern is that when a judge makes findings of fact beyond facts admitted by the defendant or found by the jury in a sentencing proceeding that mandatorily increases a defendant's minimum sentence, this runs afoul of a defendant's Sixth Amendment right to a jury trial. *Id.* The Court held that in order to avoid any Sixth Amendment violation, Michigan's sentencing guidelines are to be deemed advisory, instead of mandatory. *Id.* at 391. However, sentencing judges must continue to consult the guidelines and " 'take them into account when sentencing.' " *Id.* (citation omitted).

Defendant was sentenced before *Lockridge* was decided. In determining whether there is any plain error entitling defendant to relief under *Lockridge*, the first inquiry is whether the facts admitted by defendant and the facts necessarily found by the jury "were sufficient to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced." *Id.* at 394. If the answer is "yes," then defendant cannot establish any plain error. *Id.* If the answer is "no," then a remand to the trial court for a *Crosby*[4] hearing is required to allow it to determine whether, now aware of the advisory nature of the guidelines, it would have imposed a materially different sentence. *Id.* at 396-397. If the trial court determines that it would have imposed a materially different sentence, then it shall order resentencing. *Id.*

Defendant challenges the scoring of the following OVs: the score of 10 points for OV 3 (MCL 777.33(1)(d) requires the assessment of 10 points if "[b]odily injury requiring medical treatment occurred to a victim"); the score of 10 points for OV 4 (MCL 777.34(1)(a) requires an assessment of 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim"); the score of 50 points for OV 7 (MCL 777.37(1)(a) provides for 50 points if "[a] victim was treated with sadism, torture, excessive brutality or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense"); and the score of 15 points for OV 8 (MCL 777.38(1)(a) requires the assessment of 15 points if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense"). The prosecutor concedes on appeal, and we agree, that even if there is record support for the scoring of these variables, none of defendant's convictions—assault by strangulation, unlawful imprisonment, malicious destruction of property, and interfering with a crime report—required the jury to make the findings necessary to score them. Moreover, in his testimony at trial, defendant did not provide any information about the victim's medical or psychological treatment under OVs 3 and 4, or specifically admit that he caused aggravated physical abuse or committed asportation or captivity

---

[4] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

according to OVs 7 and 8. Because the reduction in the scoring of OVs 3, 4, 7, and 8 that defendant advocates would change defendant's sentencing guidelines range, defendant has made a sufficient showing of plain error to justify remanding this case to the trial court to allow it to determine whether, now aware of the advisory nature of the guidelines, it would have imposed a materially different sentence.

Affirmed in part and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien