# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MORGAN, Minors.

UNPUBLISHED
July 19, 2018

No. 341059
Wayne Circuit Court
Family Division
LC No. 17-000385-NA

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right an order terminating his parental rights to his daughter, AM, pursuant to MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ii*).[1] For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Petitioner, the Department of Health and Human Services, filed a petition seeking termination of respondent's parental rights after AM disclosed to her mother that respondent had sexually abused her. At the termination hearing, AM testified that respondent had sexually abused her on multiple occasions when she was 13 and 14 years old. Respondent's wife testified that the abuse could not have happened because there was a "two-minute rule" in the household; under the rule, AM could not be alone with any male for more than two minutes. The trial court found AM's testimony to be credible, but did not credit the testimony from respondent's wife. Thus, the court found that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(b), (g), (j), and (k). It also found that termination of respondent's parental rights was in AM's best interests.

---

[1] This appeal only involves the termination of respondent's parental rights to AM. In its order, the court also terminated the parental rights of AM's sister's putative father, but that decision has not been challenged on appeal.

-1-

## II. ADJOURNMENT

### A. STANDARD OF REVIEW

Respondent first contends that the trial court erred by denying his motion for an adjournment. We review for an abuse of discretion a court's ruling whether to grant an adjournment. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

### B. ANALYSIS

AM was living with her mother, so under MCR 3972(A), the trial had to be "held within 6 months after the filing of the petition unless adjourned for good cause under MCR 3.923(G)." Pursuant to MCR 3.923(G), a court should adjourn a hearing or trial "in child protective proceedings . . . (1) for good cause, (2) after taking into consideration the best interests of the child; and (3) for as short a period of time as necessary." "Good cause" means "a legally sufficient reason and a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." *In re Utrera*, 281 Mich App at 10-11 (citations and quotation marks omitted).

Respondent's lawyer sought an adjournment, explaining that respondent had planned to voluntarily release his parental rights before petitioner told him that he could not. Because the planned action was no longer possible, respondent's lawyer did not believe he was ready for trial. In denying the adjournment request, the trial court explained that whenever a trial was scheduled a lawyer should be prepared to proceed to trial, even if he or she believed that the trial would not occur. The court also noted that respondent's lawyer was appointed in June 2017, and so had months to prepare for the October 2017 trial. Ultimately, the court determined that respondent's lawyer was just attempting to waste time.

Given the record, we discern no abuse of discretion. Three adjournments were previously granted, including one in September 2017 so that respondent's lawyer could confer with respondent. In addition, when requesting the adjournment, part of the stated reason was to bring additional witnesses, but the additional witnesses were never identified nor was the substance of their potential testimonies discussed. The trial court rightly noted that almost four months had elapsed between the appointment of respondent's lawyer and the trial date, and given that no good cause for an adjournment was presented, properly denied the request for an adjournment.

## III. STATUTORY GROUNDS

### A. STANDARD OF REVIEW

Respondent next argues that there was insufficient evidence to terminate his parental rights because AM's testimony lacked credibility. We review for clear error a circuit court's decision that a statutory ground for termination has been proven by clear and convincing evidence. MCR 3.977(K).

## B. ANALYSIS

Termination is proper under MCL 712A.19b(3)(k)(*ii*) if there is clear and convincing evidence that "[t]he parent abused the child or a sibling of the child and the abuse included . . . [c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." AM testified that respondent sexually abused her by digitally penetrating her vagina and by penetrating her vagina with his penis. At trial, respondent's lawyer sought to impeach AM's credibility by drawing attention to weaknesses in her testimony, such as an inability to recall whether the abuse occurred in the summer, winter, fall, or spring, and what time of day it was when she was abused. Respondent's lawyer also impeached AM's credibility with testimony from respondent's wife, who explained that the abuse could not have happened because of the "two-minute rule," whereby AM was never left alone with a male, including respondent, for more than two minutes. The trial court credited AM's testimony and found that respondent's wife's testimony was incredible. "We give deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). Here, giving deference to the court's credibility findings, there is sufficient evidence to establish that respondent sexually abused AM and that the abuse included criminal sexual conduct involving penetration.[2]

## IV. BEST INTERESTS

## A. STANDARD OF REVIEW

Respondent next challenges the court's finding that it was in AM's best interests to terminate his parental rights. A circuit court's decision regarding a child's best interests is reviewed for clear error. MCR 3.977(K).

## B. ANALYSIS

Here, the testimony established that AM got along with her father, who gave her advice about life. Nevertheless, the court found credible AM's testimony that respondent had sexually assaulted her on multiple occasions. In light of respondent's sexual abuse, the trial court did not clearly err by finding that termination of respondent's parental rights served AM's best interests. See *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (noting that when determining a child's best interests, a court should weigh all the evidence and may consider a parent's history with the child and the parent's parenting ability).

---

[2] Because only one statutory ground for termination need be established, *In re HRC*, 286 Mich App at 461, we decline to address whether termination was also proper under MCL 712A.19b(3)(b), (g), and (j).

# V. INEFFECTIVE ASSISTANCE

## A. STANDARD OF REVIEW

Lastly, respondent challenges the effectiveness of his lawyer. Because respondent failed to develop a testimonial record regarding the ineffective assistance claim, our review is limited to any mistakes apparent on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

## B. ANALYSIS

"The principles of effective assistance of counsel developed in the context of the criminal law apply by analogy in child protective proceedings." *In re CR*, 250 Mich App 185, 197-198; 646 NW2d 506 (2002), overruled in part on other grounds in *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014). To establish that his lawyer provided ineffective assistance, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007).

Respondent asserts that his lawyer failed to adequately prepare for trial. "Failure "to make a reasonable investigation can constitute ineffective assistance of counsel." *People v Marshall*, 298 Mich App 607, 612; 830 NW2d 414 (2012), rev'd in part on other grounds 493 Mich 1020 (2013). Assuming *arguendo* that respondent's lawyer was ineffective for failing to fully prepare for trial, we nevertheless cannot conclude that respondent was prejudiced by the failure. At the termination hearing, respondent's lawyer thoroughly cross-examined AM. Additionally, he called respondent's wife as a witness for respondent and elicited her testimony that contradicted many details in AM's testimony. Respondent identifies no specific witness that his lawyer should have called or evidence that he should have introduced that might have made a difference in the outcome of the proceedings. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (observing that the defendant bears "the burden of establishing the factual predicate for his claim of ineffective assistance of counsel"). Although respondent also contends that his lawyer should have presented "an expert to testify to [AM's] . . . story and whether she was in need of psychological treatment and whether the family was in need of treatment," he fails to identify a specific expert that should have been called. See *People v Caballero*, 184 Mich App 636, 642; 459 NW2d 80 (1990) (noting that "the failure to interview witnesses" only amounts to inadequate preparation if the lawyer failed to discover "valuable evidence which would have substantially benefited the accused"). On this record, respondent has not met his burden of proving that he was prejudiced by his lawyer's alleged lack of preparation.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra

-4-