# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SOLOMON ALEXANDER FINKLEY,

Defendant-Appellant.

UNPUBLISHED
September 18, 2018

No. 333897
Wayne Circuit Court
LC No. 16-001901-01-FC

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree premeditated murder, MCL 750.316(1)(a), possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and carrying a concealed weapon (CCW), MCL 750.227. Defendant was sentenced to concurrent terms of life imprisonment without parole for the first-degree murder conviction, one to five years' imprisonment for the CCW conviction, to be served consecutively to the mandatory two-year term of imprisonment for the felony-firearm conviction. We affirm.

This case arises from the fatal shooting of Michael Buchanan at a party held at his home to celebrate his birthday and the Superbowl on February 7, 2016 in Detroit, Michigan. Buchanan was shot multiple times by defendant and two other men after an issue arose between defendant and Buchanan at the party. Buchanan, who did not know defendant well, asked defendant to leave his home as defendant was carrying and brandishing a firearm in front of the other party-goers, including children. After Buchanan escorted defendant to his vehicle to place his firearm inside of the vehicle, defendant returned to the party, but as defendant was leaving the party later in the evening, Buchanan was ambushed outside of his home by defendant and the two other men. Buchanan died of multiple gunshot wounds.

On appeal, the thrust of defendant's argument is that trial counsel was ineffective by failing to (1) call several of defendant's family members at trial, (2) challenge the testimony of the prosecution's expert witness regarding cellular telephone evidence and (3) call an expert witness to rebut the prosecution's cellular telephone evidence. Defendant also makes the general claim that trial counsel did not present a defense at trial. We disagree.

In the trial court, defendant moved for an evidentiary hearing, which the trial court denied. In this Court, defendant filed a motion seeking remand for an evidentiary hearing, which

this Court also denied. *People v Finkley*, unpublished order of the Court of Appeals, issued December 8, 2017 (Docket No. 333897). Where a *Ginther*[1] hearing was not held, this Court reviews claims of ineffective assistance of counsel based on the facts contained in the existing record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). "Whether a person has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews questions of constitutional law de novo, and factual findings, if any, are reviewed for clear error. *Jordan*, 275 Mich App at 667.

> [E]stablishing ineffective assistance requires a defendant to show (1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant. Prejudice means a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [*People v Randolph*, ___ Mich ___, ___; ___ NW2d ___ (2018) (Docket No. 153309); slip op at 6 (footnotes, citations and quotation marks omitted).]

"Effective assistance of counsel is presumed, and [the] defendant bears a heavy burden to prove otherwise." *People v Dixon*, 263 Mich App 393, 396; 688 NW2d 308 (2004). There is also a strong presumption that trial counsel's decisions resulted from sound trial strategy. *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017).

As an initial matter, we observe that defendant does not provide factual support for his claim that trial counsel was ineffective by failing to develop a defense, to call his family members as witnesses, and to seek and produce at trial an expert regarding the cellular telephone records. Where the onus lies with defendant to establish that trial counsel's performance was deficient and that he incurred prejudice, defendant "necessarily bears the burden of establishing the factual predicate for his claim." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015). Notably, in support of his motions seeking an evidentiary hearing and a new trial in the trial court, defendant did not submit any affidavits from family members or a proposed expert on the cellular telephone records to demonstrate what evidence they would have been able to offer. Thus, at first blush, defendant has failed to establish the factual predicate for his claim because, aside from his own assertions, the record evidence does not support his contention that trial counsel's performance was objectively deficient. *Randolph*, ___ Mich at ___; slip op at 6. On this basis alone, defendant's claim alleging ineffective assistance of counsel is deficient. See *People v Solloway*, 316 Mich App 174, 188-189; 891 NW2d 255 (2016) (recognizing that a defendant's claim of ineffective assistance of counsel is without merit where the defendant does not provide factual support for his claim). Nonetheless, even analyzing the underlying merits of defendant's claims alleging ineffective assistance of counsel, we are not persuaded that trial counsel's performance was "objectively deficient[.]" *Randolph*, ___ Mich at ___; slip op at 6.

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

"Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Counsel's decision not to call a witness at trial will only constitute ineffective assistance of counsel if it "deprives the defendant of a substantial defense." *Id*., quoting *Dixon*, 263 Mich App at 398. "A substantial defense is one that might have made a difference in the outcome of the trial." *Jackson*, 313 Mich App at 432. As noted earlier in this opinion, defendant is unable to establish the factual predicate for his claim that trial counsel's performance was constitutionally infirm by declining to call several of his family members as witnesses at trial because he does not provide any evidence concerning the substance of their proposed testimony. Additionally, as the trial court aptly noted, none of the family members that defendant asserts should have been called as witnesses were at the party where Buchanan was fatally shot, and consequently, would not have been able to offer evidence to rebut the testimony of several party-goers, who, in addition to Samuel Finkley, identified defendant as one of the men who shot Buchanan.[2]

Although defendant's brothers, Jarvas Brinkley and Quinton Brinkley, could potentially have testified to rebut the prosecution's theory that defendant coordinated with them to murder Buchanan, a review of the record reflects that trial counsel made the strategic decision to attack the credibility of the witnesses who were at the party and identified defendant as one of the shooters, undermining their identification of defendant, as opposed to calling witnesses who were not at the party. "This Court will not second-guess [trial] counsel on matters of trial strategy," *Russell*, 297 Mich App at 716, and will not substitute its own judgment for that of trial counsel, even if that strategy is ultimately unsuccessful. *People v Rodgers*, 248 Mich App 702, 715; 645 NW2d 294 (2002).

Defendant also failed to establish that trial counsel's decision to not call defendant's family members as witnesses prejudiced him. *Randolph*, ___ Mich at ___; slip op at 6. While defendant claims that trial counsel's failure to call Jarvas Brinkley and Quinton Brinkley as witnesses, along with his other family members, amounted to objectively deficient performance, he does not elaborate how their testimony would have benefitted him had they been called. "Without some indication that a witness would have testified favorably, a defendant cannot establish that counsel's failure to call the witness would have affected the outcome of his or her trial." *People v Carll*, 322 Mich App 690, 703; 915 NW2d 387 (2018). Defendant has thus failed to establish that he was prejudiced by trial counsel's decision not to call his family members as witnesses at trial.

Defendant's contention that that he was denied the effective assistance of counsel because trial counsel (1) did not seek and present at trial a cellular telephone expert to rebut the prosecution's expert, and (2) failed to object to speculative mischaracterizations of the cellular telephone evidence, is also without merit. "[Trial] counsel's failure to investigate and attempt to secure a suitable expert witness to assist in preparing the defense may constitute ineffective assistance." *Carll*, 322 Mich App at 702. "However, effective counsel need not always provide

___

[2] Trey Price, Camille Bowman, Samuel Finkley, Kimberly Kennedy and Courtney Bowman all identified defendant as one of the shooters.

-3-

'an equal and opposite expert[.]'" *Id.*, quoting *Harrington v Richter*, 562 US 86, 111; 131 S Ct 770; 178 L Ed 2d 624 (2011). "In many instances, cross-examination will be sufficient to expose flaws in an expert's presentation." *Carll*, 322 Mich App at 702, quoting *Harrington*, 562 US at 111.

Although trial counsel did not call an expert witness to rebut Special Agent Stan Brue's testimony, our review of the record confirms that trial counsel conducted an extensive cross-examination in which trial counsel questioned the thoroughness of Special Agent Brue's investigation, and highlighted the fact that the cellular telephone records did not establish with absolute certainty that Jarvas Brinkley and Quinton Brinkley communicated with defendant in the time leading up to Buchanan's murder or the time period thereafter. Trial counsel also pointed out that defendant sent and received several other phone calls and text messages during the relevant time period, suggesting that the phone calls that defendant allegedly made to Jarvas Brinkley and Quinton Brinkley were not important. Thus, contrary to defendant's argument regarding trial counsel's failure to object to Special Agent Brue's "speculative testimony," the record is clear that trial counsel strategically chose to undermine Special Agent Brue's credibility during cross-examination rather than raising objections to his testimony during direct examination. "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). Defendant has thus failed to establish the factual predicate for his claim that trial counsel's decision to not call an expert witness to rebut the prosecution's evidence concerning the cellular telephone records denied him the effective assistance of counsel. Importantly, defendant has not established that trial counsel's decision to not call an expert witness prejudiced him, particularly where (1) defendant has not provided any indication that a cellular telephone expert would have been able to offer favorable testimony and (2) multiple eyewitnesses identified defendant as one of the men that shot Buchanan.

Defendant's final argument, that trial counsel failed to develop a defense, is meritless. A defendant who alleges that he was denied the effective assistance of counsel because defense counsel was unprepared must demonstrate prejudice that resulted from the alleged lack of preparedness. *People v Caballero*, 184 Mich App 636, 640; 459 NW2d 80 (1990). Defense counsel's alleged "[f]ailure to interview witnesses does not itself establish inadequate preparation." *Id*. at 642. Defendant must demonstrate that trial counsel's failure resulted in "counsel's ignorance of valuable evidence which would have substantially benefitted" him. *Id*. at 642. Defendant does not provide any evidence in support of his claim that trial counsel was unprepared or uninvolved for trial, but simply makes unsubstantiated claims that trial counsel was ineffective. Rather, it is clear from the record that trial counsel made the strategic decision to attack the credibility of the prosecution's witnesses by highlighting factual discrepancies and, with regard to the cellular telephone evidence, the lack of certainty it presented. As such, defendant has failed to demonstrate that he was denied the effective assistance of counsel.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood